FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN NICHOLAS GEORGE, | No. 2:24-CV-260-MKD |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | **ECF No. 8** |
| UNITED STATES DEPARTMENT OF STATE, U.S. EMBASSY IN ANKARA, TURKEY, ANTONY BLINKEN, JEFFREY L. FLAKE, | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss. ECF No. 8. Plaintiff seeks to compel action on Plaintiff's fiancée's pending visa application. ECF No. 1. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Court grants the motion.

## BACKGROUND

The following facts are alleged in the Complaint. ECF No. 1. Plaintiff is a United States citizen. *Id.* at 1 ¶ 1. Neda Tadayon is Plaintiff's fiancée. *Id.* at 3 ¶ 10. Ms. Tadayon is a citizen of Iran. *Id.* at 1 ¶ 2.

ORDER - 1

Plaintiff filed a visa petition on his fiancée's behalf with USCIS on July 25, 2022. *Id.* at 3 ¶ 12. USCIS approved the visa petition on July 17, 2023. *Id.* Subsequently, Ms. Tadayon's case was processed and sent to the U.S. Embassy in Ankara, Turkey, where she was interviewed on December 1, 2023. *Id.* at 4 ¶¶ 15-16. After the interview, a consular officer requested additional information and Ms. Tadayon submitted a completed DS-5535 form. *Id.* ¶ 16. Plaintiff alleges that Defendants have "refused to issue a final decision on this case" since that time. *Id.*

Plaintiff filed this action on July 29, 2024, alleging unreasonably delay under the Administrative Procedures Act (APA)[1] and a violation of his Fifth Amendment right to due process. *Id.* at 4-6.

## LEGAL STANDARD

A motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court's review of a facial attack, as here, is limited to the allegations in the

---

[1] Although Plaintiff styles his first cause of action as arising under the APA, his request for relief seeks a writ of mandamus. ECF No. 1 at 6-7. As discussed below, the Court addresses the sufficiency of both an APA and Mandamus Act claim.

ORDER - 2

1  complaint.  *Id.*  If the jurisdictional attack is successful, the Court must dismiss the

2  action.  Fed. R. Civ. 12(h)(3).

3       "To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must

4  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

5  plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the

7  elements of a cause of action, supported by mere conclusory statements, do not

8  suffice."  *Id.*  In considering a motion to dismiss for failure to state a claim, the

9  Court must accept as true the well-pleaded factual allegations and any reasonable

10  inference to be drawn from them, but legal conclusions are not entitled to the same

11  assumption of truth.  *Id.*  A complaint must contain either direct or inferential

12  allegations respecting all the material elements necessary to sustain recovery under

13  some viable legal theory.  *Twombly*, 550 U.S. at 562.  "Factual allegations must be

14  enough to raise a right to relief above the speculative level."  *Id.* at 555.

15  <center>**DISCUSSION**</center>

16       Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6),

17  contending it fails to state a claim for unreasonable delay and a cognizable due

18  process violation.  Defendants also argue the Court lacks jurisdiction over

19  Plaintiff's unreasonable delay claim.  ECF No. 8 at 6-11.  However, because

20

ORDER - 3

Plaintiff's fiancée's application remains in administrative processing, *see id.* at 10; ECF No. 10 at 2, the Court addresses this claim on the merits.

**A. Administrative Procedure Act**

The APA governs the procedures of administrative law. *See* 5 U.S.C. §§ 500-596. The APA requires "within a reasonable time, each agency shall proceed to conclude a matter presented to it." *Id.* at § 555. The APA authorizes reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* at § 706(1).

*1. Unlawfully Withheld*

"In the Ninth Circuit, an action is 'unlawfully withheld' if 'Congress has specifically provided a deadline for performance' and the agency has not met that deadline." *Alaska Indus. Dev. & Exp. Auth. v. Biden*, 685 F. Supp. 3d 813, 857 (D. Alaska 2023) (quoting *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1177 n.11 (9th Cir. 2002)).

Congress has provided a recommended processing time of immigration benefit applications of "not later than 180 days after the initial filing of the application[.]" 8 U.S.C. § 1571. However, this 180-day Congressional recommendation for the conclusion of immigration benefit applications is not a requirement. *See Reyes v. Miller*, No. 23-CV-5121, 2024 WL 2947716, at *8 (E.D. Wash. June 11, 2024) (reaffirming that the language of 8 U.S.C. § 1571(b)

1    "is treated as 'non-binding, legislative dicta.'") (quoting *Yang v. Cal. Dep't of Soc.*

2    *Servs.*, 183 F.3d 953, 961-62 (9th Cir. 1999)).  Absent a statutory deadline within

3    which Defendants must act, the Court cannot conclude Defendants have

4    "unlawfully withheld" action.

5        "When there is no set deadline by which an agency must act, a court

6    evaluates whether the agency's delay is unreasonable by applying the six factors

7    established by the D.C. Circuit in *Telecommunications Research & Action Center*

8    *v. FCC* ["*TRAC*"] and adopted by the Ninth Circuit in *Independence Mining Co. v.*

9    *Babbitt*[.]"  *Alaska Indus. Dev. & Exp. Auth.*, 685 F. Supp. 3d at 857 (citing 750

10   F.2d 70 (D.C. Cir. 1984); 105 F.3d 502, 507 (9th Cir. 1997)).

11       *2.  Unreasonably Delayed*

12       To succeed on an APA unreasonable delay claim, Plaintiff must show that:

13   (1) the agency has a nondiscretionary duty to act; and (2) the agency has

14   unreasonably delayed in acting on that duty.  *Norton v. S. Utah Wilderness All.*,

15   542 U.S. 55, 62-64 (2004).

16       As noted above, the Ninth Circuit evaluates delay using the *TRAC* factors.

17   *Indep. Mining Co.*, 105 F.3d at 507 (citing *Telecomm. Rsch. Action Ctr.*, 750 F.2d

18   at 80).  These factors are as follows:

19           (1) the time agencies take to make decisions must be
             governed by a "rule of reason"[;]
20           (2) where Congress has provided a timetable or other
             indication of the speed with which it expects the agency to

ORDER - 5

proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;]

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;]

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;]

(5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and

(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id.*

While courts evaluate the *TRAC* factors with caution at the motion to dismiss stage, *see, e.g.*, *Sarlak v. Pompeo*, No. 20-35, 2020 WL 3082018, at *5 (D.D.C. June 10, 2020) (citing *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)), courts have utilized the *TRAC* factors at the motion to dismiss stage in cases, as here, involving allegations of unreasonably delayed waiver determinations.  *See id.* (collecting cases).  In these cases, the *TRAC* factors are used to determine whether a "complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay." *Ghadami v. Dep't of Homeland Sec.*, No. 19-CV-397, 2020 WL 1308376, at *7 n. 6 (D.D.C. Mar. 19, 2020).  In alignment with these other courts, the Court utilizes the *TRAC* factors to analyze Plaintiff's claim of unreasonable agency delay.

ORDER - 6

1          i.      The First Factor

2      "[T]he time agencies take to make decisions must be governed by a 'rule of

3  reason.'"  *Indep. Mining Co.*, 105 F.3d at 507 (quoting *Telecomm. Rsch. Action*

4  *Ctr.*, 750 F.2d at 80).  While this first factor is the most important factor, it is not,

5  by itself, determinative.  *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017).

6      Defendants concede Ms. Tadayon's application has been pending

7  administrative processing for approximately eleven months.  ECF No. 8 at 17.

8      "Repeatedly, courts in this and other circuits have concluded that 'a

9  reasonable time for agency action is typically counted in weeks or months, not

10  years.'"  *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) (quoting *In re Nat. Res.*

11  *Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020)).  However, district courts

12  in the Ninth Circuit have found that lengthier delays were not "unreasonable."

13  *Kapoor v. Blinken*, No. 21-CV-1961, 2022 WL 181217, at *4 (N.D. Cal. Jan. 20,

14  2022) (citing cases with delays ranging from three to five years, all of which were

15  considered not to be unreasonable); *see, e.g.*, *Yavari v. Pompeo*, No. 19-CV-2524,

16  2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally

17  found that immigration delays in excess of five, six, seven years are unreasonable,

18  while those between three to five years are often not unreasonable."); *Islam v.*

19  *Heinauer*, 32 F. Supp. 3d 1063, 1071 (N.D. Cal. 2014) ("In this district, courts

20  have generally found delays of four years or less not to be unreasonable.").  As the

ORDER - 7

1    court explained in *Yavari*, "slightly more than a year is drastically short of what

2    constitutes an unreasonable delay."  2019 WL 6720995, at *8.  Rather, "only very

3    substantially longer delay could constitute sufficient factual allegations to

4    implicate § 706(1)'s unreasonable delay or § 555(b)'s reasonable time," and "only

5    the passage of a substantial[ly] longer period of time can cure this issue as a matter

6    of law."  *Id.*

7        The time Ms. Tadayon's application has been pending administrative

8    processing thus falls short of what is generally accepted as a "unreasonable delay."

9    On this record, the first–and most important–*TRAC* factor strongly weighs in

10    Defendants' favor.

11            ii.    The Second Factor

12        The second factor considers whether "Congress has provided a timetable."

13    *Indep. Mining Co.*, 105 F.3d at 507 (citing *Telecomm. Rsch. Action Ctr.*, 750 F.2d

14    at 80).  As noted above, the 180-day Congressional recommendation for the

15    completion of agency action is not a mandatory time requirement.  Plaintiff does

16    not dispute that Congress has not established a "firm timeframe" for scheduling.

17    ECF No. 9 at 16.  Defendants correctly identify that Plaintiff's "concession is

18    dispositive of the second *TRAC* factor."  ECF No. 10 at 5.  This factor therefore

19    weighs in Defendants' favor.

20

ORDER - 8

iii.    The Third and Fifth Factors

As to the third and fifth factors–human health and welfare at stake and the extent of interests prejudiced by the delay–Plaintiff alleges Defendants' delay had caused "tremendous emotional and financial hardship for Plaintiff and Neda Tadayon, among other ways."  ECF No. 1 at 6 ¶ 32.  However, "such hardships are common burdens shared by those waiting for . . . immigration applications." *Reyes*, 2024 WL 2947716, at *8.  As in *Reyes*, "Plaintiff[] ha[s] not alleged facts that show that t[his] emotional distress and financial concerns are of such severity that [he] state[s] a claim for plausible relief" within the Complaint.  *Id.*  These factors weigh in Defendants' favor.

iv.    The Fourth and Sixth Factors

As to the fourth and sixth factors–the agency's completing priorities and impropriety–Plaintiff has neither demonstrated that an expediting of the action is necessary on account of a higher or competing priority nor has he alleged bad faith by Defendants.  *See Indep. Mining Co.*, 105 F.3d at 507 n.7 (quoting *Telecomm. Rsch. Action Ctr.*, 750 F.2d at 80).  These factors weigh in favor of Defendants.

Accordingly, having weighed the *TRAC* factors and accepting as true Plaintiff's well-pleaded factual allegations, the Court concludes Plaintiff has not stated an APA claim for unreasonable delay that is plausible on its face.  Plaintiff's APA claim is accordingly dismissed.

ORDER - 9

1

## B. Mandamus

2          "Mandamus is an extraordinary remedy and is available to compel a federal

3   official to perform a duty only if: (1) the individual's claim is clear and certain; (2)

4   the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to

5   be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*,

6   134 F.3d 929, 931 (9th Cir. 1997) (citing *Azurin v. Von Raab*, 803 F.2d 993, 995

7   (9th Cir. 1986)). "The party seeking mandamus has the burden of showing that its

8   right to issuance of the writ is clear and indisputable." *Am. Hosp. Ass'n*, 812 F.3d

9   183, 189 (D.C. Cir. 2016) (citing *Power*, 292 F.3d 781, 784 (D.C. Cir. 2002)).

10  "[M]andamus is a 'drastic and extraordinary' remedy "reserved for really

11  extraordinary causes." *Van Dusen v. United States Dist. Court for the Dist. of

12  Ariz.*, 654 F.3d 838, 840 (9th Cir. 2011) (citing *Ex parte Fahey*, 332 U.S. 258, 259-

13  60 (1947)).

14         The Ninth Circuit has recognized that relief sought under the Mandamus Act

15  and under the APA is "essentially the same." *Indep. Mining Co.*, 105 F.3d at 507.

16  Thus, "when a complaint seeks relief under the Mandamus Act and the APA and

17  there is an adequate remedy under the APA, [the Court] may elect to analyze the

18  APA claim only." *Vaz*, 33 F.4th at 1135. "If Plaintiffs' APA claim fails, their

19  claim under the Mandamus Act fails as well." *Infracost Inc. v. Blinken*, No. 23-

20

ORDER - 10

CV-2226, 2024 WL 1914368, at *5 (S.D. Cal. Apr. 30, 2024) (citing *Vaz*, 33 F.4th at 1138-39).

Because Plaintiff appears to seek relief under the APA and the Mandamus Act, the Court need not separately analyze whether Plaintiff is entitled to a writ of mandamus.  *See, e.g.*, *Shahijani v. Laitinen*, No. 2:23-CV-03967, 2023 WL 6889774, at *2 (C.D. Cal. Oct. 6, 2023) ("Where, as here, a plaintiff seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze both claims under the APA only.").  Because Plaintiff failed to plead a valid APA claim, as discussed above, the Court necessarily concludes Plaintiff is not entitled to a writ of mandamus.

**C. Due Process**

Plaintiff contends he "has vested interest in the adjudication of his fiancée visa application," arguing Defendants' "inaction has violated" his "due process rights" and "irrevocably harmed him by causing a physical, financial and emotional toll due to the uncertainty and immense hardship."  ECF No. 9 at 21. Plaintiff points to *Bustamante v. Mukasey*, 531 F.3d 1059 (9th Cir. 2016), but his reliance on it is misplaced.  There, the Ninth Circuit held that "a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision."  531 F.3d at 1062. By contrast, here, Plaintiff's "right revolves around receiving a final answer, properly

adjudicated, from Defendants without unnecessary delay." ECF No. 9 at 21. As

Defendants correctly note, this argument is "not tethered to a privately actionable

cause of action and amount[s] to little more than conclusory statements." ECF No.

10 at 8 (citing *Iqbal*, 556. U.S. at 678). The Court thus concludes Plaintiff has

failed to state a cognizable due process claim.

## CONCLUSION

For the reasons explained above, the Court grants Defendants' Motion to

Dismiss, ECF No. 8.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 8**, is **GRANTED**.

3. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** without prejudice.

The District Court Executive is directed to file this Order, enter judgment for

Defendants, provide copies to counsel, and **CLOSE THE FILE**.

DATED November 13, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 12